[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 2729
The parties intermarried on August 31, 1980. They have resided continuously in this state since that time. There are four minor children issue of the marriage:
David Bogan, born June 16, 1982;
Ian Bogan, born November 19, 1983;
Gina Bogan, born July 8, 1986; and
Dana Bogan, born April 27, 1988.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in §§ 46b-50, 46b-81, 46b-82 and 46b-84 of the Conn. General Statutes in reaching the decisions reflected in the orders that follow.
The parties have been married for approximately 18 years. However, they have lived separate and apart since October 1992. Their four minor children are approximately 15, 14, 11 and nine years of age at this time. The 11 year old daughter was born with a severe cleft lip and palate. She has required and will continue to require plastic surgery, speech therapy and orthodontia care. The youngest daughter was born with an abnormal small left eye. She wears a false eye prosthetic and is legally blind in the left eye.
In 1978 the plaintiff husband was 19 years of age and a student at New York University when he met the defendant wife who was then 26 years of age. The defendant had been steadily and gainfully employed for the previous seven years.
After the parties married in 1980, the plaintiff decided to finish his college education. The defendant agreed with the plaintiff and, as she had a good job, it was agreed she would support the family while the plaintiff completed his education.
The defendant claimed the parties had no money, paid for CT Page 2730 their own wedding and did without. They used the IRS refund to pay for education costs. The defendant took off six weeks at the time her first child was born in June 1982. The defendant had a pension of $13,000 which accrued prior to the marriage. She used these funds toward the purchase of a home for the family in 1983.
The plaintiff decided to go to law school. He worked summers and some part time jobs while the defendant continued working full time at her job. The parties discussed that when the plaintiff was an attorney, the defendant could stay home with the children. The defendant continued working until December 1985 when her employment terminated as a result of the company moving south. The defendant was a senior account clerk at her employment. She received a severance pay and unemployment which supported the family. The plaintiff graduated from law school in December 1985 and was admitted to the Connecticut Bar in May 1986.
The defendant was devastated when the parties' daughter Gina was born in July 1986 with a severe cleft lip problem. As the plaintiff was working, the defendant took the child to New York for medical attention on a regular basis, relying on family and sitters for the two older children. The parties had high medical bills and expenses. The defendant testified there was no extra money. She delivered newspapers in the mornings and applied for the WICKS program to supplement diapers, milk, et cetera.
While the plaintiff was in law school, he worked summers and helped out at home with the children and household chores which enabled the defendant to continue working at her full time job.
The parties first separated in April 1988, a few days prior to the birth of the parties' fourth child. They remained separated for several months and then reconciled in 1989. The parties went to counseling but separated again in October 1992. Prior to the separation, the defendant worked one or two nights as a waitress and as a hostess while the plaintiff took care of the children.
After December 1985, the defendant did no return to full time employment. Her third child was born in July 1986 and her fourth child was born in April 1988 The defendant has been fully occupied with the four children, two of whom have required special medical care and attention. CT Page 2731
In 1995, the defendant decided to return to school and is enrolled in a radiology program. She expects to obtain an associate's degree in radiology in July 1999. She presently works one night a week in a restaurant. The defendant is 46 years of age and in good health.
The plaintiff has been available for the children during the parties' five year separation. He coaches the soccer team, talks to the children frequently by phone and takes one child to school on a daily basis. He has been an involved parent and is a participating and loving father. During the five year separation, he provided appropriately for his family financially. While he was attending law school, the plaintiff assisted with the housework and care of the children, in addition to some part time work. His student loans have been paid off in full.
After law school, the plaintiff was employed by the Public Utilities Commission and then the Connecticut State's Attorney's Office. In May 1990, he obtained employment with a large prestigious law firm and was made a partner in this firm in 1997. The plaintiff is 39 years of age and in the prime of his career. He is about to reap the rewards of his earlier hard work and perseverance. The defendant also ought to be entitled to reap some reward from the fruits of her labor, including her financial support and the rearing of four children. During the past five years alone, although the plaintiff was a caring parent and was in constant touch, he did not have the day to day daily obligations, concerns and problems involving four young children ranging in age in 1992 from four to ten years. The onus of the child rearing was left on the defendant's shoulders — leaving the plaintiff free to pursue his career.
The partnership committee of the plaintiff's law firm has projected that the plaintiff's partnership share of income for 1998 will be $145,000. The firm pays the plaintiff 60 percent of this amount twice a month as his draw. No taxes are deducted from this draw. The remaining 40 percent is paid in quarterly installments of 25 percent each, commencing in April (provided there are sufficient funds available in the partnership). The plaintiff has mandatory deductions for HR10 (pension) and medical insurance from his monthly draw.
In 1997, the plaintiff's total income was $109,000. The plaintiff's law firm is a limited liability company. No buy in is required. If the plaintiff left the firm at this time, he would CT Page 2732 receive zero. If the plaintiff's performance increases, he hopefully expects a five to ten percent increase for 1999. He feels he will have income of $200,000 per year in the future.
As counsel pointed out, the plaintiff is articulate, personable and intelligent with a bright future in front of him.
Unfortunately, the parties were unable to resolve their marital difficulties. The court declines to assess fault to either party for the breakdown of the marital relationship.
The court has carefully considered the statutory criteria and enters the following orders:
I. CUSTODY AND VISITATION
1. There shall be joint legal custody of the four minor children with primary physical residence to the defendant mother.
2. The plaintiff father shall have reasonable, flexible and liberal visitation with the minor children. Both parents appear to recognize and understand their duties and obligations as parents. Both appear to be respectful of their privilege in being parents.
II. REAL ESTATE
The plaintiff shall quitclaim to the defendant all his right, title and interest in and to the real estate located at 8 Pearson Avenue, Milford, Connecticut, subject to the present mortgage which the defendant shall assume and pay and indemnify and hold the plaintiff harmless thereon.
III. OTHER PROPERTY
1. The defendant shall be entitled to the furniture and furnishings contained in the marital home, except for the plaintiff's personal property including his Museum of Modern Arts knife set which shall be the sole property of the plaintiff.
2. The defendant shall retain the 1996 Ford van and the 1989 Plymouth van.
3. Each party shall retain his or her own pension benefits and 401(k) plans without claim by the other. CT Page 2733
IV. MEDICAL INSURANCE
1. The plaintiff shall provide medical and dental insurance coverage for the benefit of the minor children at his expense through his employment until each child shall have graduated high school or reach the age of 19 years whichever comes first.
2. The plaintiff shall be responsible for all unreimbursed medical expenses for the minor children, until such time as the defendant completes her education and/or has obtained full time employment of at least 20 hours per week. At that time, the unreimbursed medical expenses shall be divided 75 percent to the plaintiff and 25 percent to the defendant.
V. COBRA
The defendant shall be entitled to COBRA benefits as available through the plaintiff's employment at her expense for the maximum time as allowed.
VI. ALIMONY
The plaintiff shall pay to the defendant as unallocated alimony and child support or as alimony the sum of $51,480 per annum, payable monthly in such installments as coincide with the plaintiff's receipt of income from his partnership, through . . . December 31, 2003. This award of unallocated alimony and child support is based on the plaintiff's yearly income of $145,000.
Commencing January 1, 2004, the plaintiff shall pay to the defendant the sum of $40,750 per annum, as unallocated alimony and child support or as alimony, payable monthly in such installments as coincide with the plaintiff's receipt of income from his partnership, through December 31, 2013, at which time said award shall be reduced to $1.00 per year as alimony.
Said alimony shall terminate on the defendant's death, remarriage or cohabitation as defined by statute, or the plaintiff's death. In the event payments terminate while any of the children are minors or in high school, the plaintiff shall pay child support in accordance with the child support guidelines. CT Page 2734
VII. LUMP SUM ALIMONY
By way of lump sum alimony and irrespective of the remarriage of the defendant wife and irrespective of the provisions of § 46b-86 (b) of the Conn. General Statutes, the plaintiff shall pay to the defendant wife 25 percent of any and all gross income received by him in any calendar year in excess of $145,000; provided, however, that the payments to the wife of this additional alimony shall not exceed $25,000 in any calendar year and that such payments of additional alimony shall not exceed $50,000 in the aggregate; and provided further that in the event the defendant seeks a modification of the payment of periodic unallocated alimony and child support payable to her, as set forth in paragraph VI, in the calculation of the plaintiff's income with respect to determining the defendant's right to such modification, the plaintiff's actual gross income for that calendar year shall be reduced by an amount equal to the amount of such lump sum alimony paid or to be paid to the defendant during that calendar year, pursuant to this paragraph, when calculating the plaintiff's gross income for the purpose of determining whether or not the defendant's motion for modification should be granted.
VIII. LIFE INSURANCE
The plaintiff shall maintain in full force and effect his present life insurance coverage in the amount of $500,000 naming the defendant and the four minor children as beneficiaries thereon, for so long as the plaintiff has an obligation of alimony and/or support. The provision shall be modifiable.
IX. DEBTS
Each party shall be responsible for the debts as reflected on their respective financial affidavits unless otherwise disposed of herein.
X. CUSTODIAL ACCOUNTS
The defendant shall hold the custodial accounts for the benefit of the minor children.
XI. COUNSEL FEES 
The defendant is awarded counsel fees in the amount of $7500 CT Page 2735 payable in a reasonable period of time as the parties shall agree.
XII. TAX EXEMPTIONS
The plaintiff shall be entitled to claim the two youngest children as dependents for income tax purposes for the year 1997.
Commencing in the year 1998, the plaintiff shall be entitled to claim the youngest child as a dependent and the defendant shall claim three children for 1998 and thereafter. This provision shall be modifiable.
Coppeto, J.